UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                   No. 01-8098

LARUE HENRY PURRY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-354-A, CA-98-1234-AM)

Submitted: April 25, 2002

Decided: May 7, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Marcia G. Shein, Richard D. Biggs, LAW OFFICE OF MARCIA G.
SHEIN, P.C., Decatur, Georgia, for Appellant. Paul J. McNulty,
United States Attorney, Gerald J. Smagala, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

LaRue Henry Purry appeals the district court's denial of his motion to modify his sentence under 18 U.S.C.A. § 3582(c)(2) (West 2000). We affirm.

Purry was charged in a six-count indictment with committing two armed bank robberies two months apart, 18 U.S.C.A. § 2113(a), (d) (West 2000), with being a felon in possession of a firearm on the date of each bank robbery, 18 U.S.C.A. § 922(g)(1) (West 2000), and with using and carrying a firearm in a crime of violence in connection with each bank robbery. 18 U.S.C.A. § 924(c) (West 2000). Purry pled guilty to Counts One and Two—robbing a bank in August 1997 and the related § 924(c) offense. He stipulated in the statement of facts attached to his plea agreement that he had committed the June 1997 bank robbery charged in Count Four.

When a plea agreement contains a stipulation establishing that the defendant has committed an offense in addition to the offense of conviction, the sentence is to be calculated as though the defendant had been convicted of the stipulated offense. *See U.S. Sentencing Guidelines Manual* § 1B1.2(c) & comment. (n.3) (2001) (guidelines are applied as though defendant convicted of additional count for each stipulated offense, such as a second robbery). The district court correctly followed this procedure in sentencing Purry. Purry did not note an appeal, having waived his right to appeal his sentence under the terms of the plea agreement. He later alleged ineffective assistance of counsel in a motion to correct sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). The district court denied the motion and we affirmed its order. *United States v. Purry*, No. 98-7764, 1999 WL 95684 (4th Cir. Feb. 25, 1999) (unpublished).

Purry subsequently filed a motion under 18 U.S.C.A. § 3582(c)(2), seeking retroactive application of Amendment 599 to the sentencing

guidelines. The amendment provides that no weapon enhancement should be applied in calculating the sentence for a crime of violence or drug offense underlying a § 924(c) conviction, but specifies that a weapon enhancement may be made for "counts of conviction outside the scope of relevant conduct for the underlying offense (e.g., a conviction for a second armed bank robbery for which no 18 U.S.C. § 924(c) conviction was obtained)." The district court denied the motion, finding that the amendment could not lower Purry's sentence. We agree.

We therefore affirm the denial of the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*